May it please the court, I'm here representing the defendants in this matter and the ones who remain. The primary issue in this case is the legal question of whether the individual officers are entitled to qualified immunity. In the context of this case, resolving the qualified immunity question means answering this question. In the light most feral to the plaintiff do the facts establish that probable cause existed to believe that Jerry or alternatively do the facts establish at least arguable probable cause a court ruling on the qualified immunity question first asks this question taken in the light most fable to the plaintiff did the officer's conduct violate constitutional rights violate plaintiff's constitutional rights and on this issue the plaintiff bears the burden of proof the plaintiff must prove that the constitutional violation occurred that's the first prong of the dossier test which is this court knows you can take you can look at either prong first now but if there's no constitutional violation then the analysis ends and the officers entitled to qualified immunity however even if the facts in the light most fable to plaintiff could establish a constitutional violation the officers will nevertheless be entitled to qualified immunity if a reasonable officer could have believed could have believed that his conduct was lawful and the cases phrase this a lot of different ways but some ways to put cases put it our officers are not liable for bad guesses in gray areas but only for transgressing bright lines an officer will be entitled to qualified immunity unless every reasonable officer would have understood that what this officer was doing violated the Constitution in this case that means that the officers entitled to qualified immunity unless every reasonable officer would have known that probable cause did not exist in this case in this case the officers entitled to qualified immunity because one the facts show that probable cause does exist and two even if probable cause doesn't exist a reasonable officer could have believed that probable cause existed so I will move to probable cause analysis is an officer who fabricates evidence against an actually guilty person entitled to qualified immunity your honor when you look at the qualified immunity question I'm going to answer that you have to look at the specific facts of the case you can't just state a general proposition does it violate the question is if probable cause exists what the case law says is even if an officer goes in and lies to a magistrate that does not violate the Constitution if there's proper because if there's probable cause the Fourth Amendment is not violated by the seizure in other words the Fourth Amendment forbids unreasonable seizures and a seizure is not unreasonable if probable cause exists what are you saying that's like a Frank's analysis where you subtract out I think it I think it comes from Frank's but there are a lot of other cases that talk about it the cases I'm talking about are the ones that say an unreasonable seizure is a seizure that is a seizure on less than probable cause if probable cause exists there cannot be an unreasonable seizure and there can be no constitutional violation well getting back to Judge Davis's question the officer lies in order to get to establish probable cause that's not protected by any kind of immunity is it in this case the the finding of the no in just as an abstract proposition as an abstract proposition if there is no probable cause and the officer lies in order to convince somebody there's probable cause that could be a Fourth Amendment violation it probably would be that's not the case we have here your position is that if you lied it's irrelevant because there's enough other stuff in this case yes let me ask you a case I mean when you look at the list of what the officers did have there's just tremendous evidence okay something happened though in the trial court where did where did this from your perspective where did this case go off the rails because when you look at the the litany of the things that the police had it was very substantial but the court was concerned about the lack of a written record in front of the magistrate and something else that I haven't been really able to glean from this what can we glean from this record that supports your position that that something happened that was reversible error you're asking me from the record at the United States District Court yeah well your the United States District Court judge after looking at the briefs and looking at the record I presume uttered in open court that there were issues of fact and he articulated basically I read what the Dredner said but what I mean what happened here that we can glean from this record you're saying there was an undue reliance on a belief that a an oral record in front of the issuing officer was insufficient that there should have been a written record for trustworthiness what else do you think what what what I I can't read judge Ridinger's mind and I'm not gonna I'm just asking you from this record what else can we derive from this record that would undermine the the significant fact there were judge Ridinger said there were issues of fact about what Stafford did say or did not say to the magistrate to the state court magistrate I think what he meant is that because there was no written record he doesn't know what was said to the magistrate I think that's what he meant but it wasn't clear from his oral pronouncement in court exactly what he meant it wasn't clear to me and that's why I say to this court that under Winfield versus bass where the court does not articulate the fully set forth the facts upon which its face this court must undertake a de novo review to determine what the facts actually show how many places in North Carolina these days do arrest warrants issue on the basis of unrecorded non-written applications does that still happen in my in America today my experience that happens in every county in North Carolina is that right yeah I mean I mean do I understand in Maryland where I come from we have judicial officers not judges we call them commissioners who can issue arrest warrants but not search warrants and is that essentially what's going on in North Carolina you have some judges who issue arrest warrants but they are not authorized to issue search warrants well my understanding your honor and don't hold me to this is that a magistrate judge can issue an arrest warrant or a search warrant is it a judge it's not a judge it's a bad thing it's a local magistrate it's a local magistrate right that's what they're called magistrates local get right it's not like a federal magistrate so look it have to be lawyers I don't believe they do your honor I don't believe that's a requirement some of them are and some of them aren't in my experience so so they don't even have a little cassette on their desk I mean our law clerks won't even know what cassettes are no but you and I remember when you're a little cassette on the desk to record when an officer comes in to make some record of of what it looked like what is said it looked like to me when I read the Torchinsky case that was exactly what happened in that case one of the seminal cases on but this case rose long after Torchinsky right but so and you say today they're still doing it there well yes in fact the evidence is that this particular magistrate magistrate Cornette if you read the North Carolina law it doesn't require a written affidavit it just requires oral sworn oral testimony and magistrate Cornette why couldn't a magistrate just pre-sign all these these warrants and the officer could call them on the phone and fill in I'm a little flabbergasted as you can tell I'm not suggesting for one second that this is going to be dispositive of anything but it just seems to fly in the face of everything the Supreme Court's told us about the role of a judicial officer as the stalwart between the government agent and the citizen it's it's frankly a little shocking to me in 2013 to be sitting here contemplating just I cited a case the Fourth Circuit case in which the holding was the Fourth Amendment says probable cause upon sworn oath or and the case that I cited I can't remember it now right off the top of my head but it's in the brief says it does not violate the Constitution to have a sworn oral affirmation before a magistrate judge in order for circuit also doesn't say a judicial officer shouldn't be paid on the basis of how many warrants he issues the Supreme Court says that doesn't fly can't possibly be consistent with the Fourth Amendment the kind of due process the Fourth Amendment allows a sworn oral affirmation before a judge and that's what the officer did in this case the evidence is that that was the standard practice in that county before that magistrate well isn't it true that magistrates get dozens of cases brought before him I mean every time at least in Virginia every time there's a drunk driving citation issued they have to drag the person in front of a warrant issue an arrest warrant on it isn't that what way it works in North Carolina too well in Caldwell County I don't know how many how often that magistrate coronet gets cases but you're right your honor it could be it could be a bunch of times the fourth the Fourth Amendment does not require a written affidavit and how long after the arrest was the search warrant sought and obtained I think it was contemporaneous but I'm not so why couldn't the same application supporting the search warrant be submitted for the arrest warrant well it wasn't understand it it wasn't your honor but the testimony is that basically the same information that was in the search warrant affidavit was in the oral testimony to the magistrate the magistrate's not like to read your honor with some people learn from reading and some people learn orally just with all due respect you'll have to address that to the magistrate your honor I don't know speaking of addressing that to the magistrate under the law of North Carolina is the magistrate competent to call him as a witness I think you could your honor but he was not in this case he wasn't deposed I believe he could have been deposed he wasn't I think mr. Elliott and I both know that we would say is I don't really remember okay but which brings me to the point that if there's an uncontradicted affidavit which there is in this case then that establishes what was said to the magistrate mr. Elliott conducted no discovery on what was said to the this area I'm not suggesting anything other than just I'm curious how can a defendant in a criminal case who later brings an action for damages contradict an affidavit submitted by the defendant officer as to what the officer told the magistrate when there's no record of what the officer told the magistrate how could you possibly contradict that well you'd have to cross-examine the officer your honor or you'd have to you'd have to get the magistrate it would be the defendants word the defendant is brought in front of the magistrate yeah at least I know that's true in Virginia wait a minute the defendant would not be brought the criminal defendant is not brought in front of the man oh this was an arrest warrant request yeah right it was there's no defendant yet there was nobody there but the magistrate in the officer that's correct no prosecutor no not so we revert back to the normal rule 56 rules and under rule 56 an uncontradicted affidavit establishes facts but we don't even have to get there your honor with all due respect because in this case there is so much probable cause there's an abundance of probable cause established by all kinds of stuff that's recited in the brief at length motive an opportunity abundant motive four point five million dollars in life insurance evidence of bad marital relations by the way they still have the option of reinstituting the charge yes the district attorney in fact filed something in the state in the federal district court which informed the court the matters under investigation mr. Anderson is a suspect and we expect the case to be reindicted it has not been reindicted but that's what the district attorney said that's the state of North Carolina talking um I'm running out of time I'll just say what this case turns on is the existence of probable cause the undisputed facts and the facts in the light most favorable to plaintiff show that there is a mountain of evidence establishing probable cause which is this court knows is not the same as evident it doesn't even have to be more probable than not it just has to be enough to raise a suspicion in the officer so with that I'll reserve my remaining time for a bottle thank you very much mr. board mr. Elliot thank your honor my name is Robert Elliot I'm from Winston-Salem North Carolina we represent the plaintiffs in this action I want to go to judge Kenan's question on what got this case off the rail because I think there is a procedural aspect to this case and there's a substantive aspect to the case we strongly believe I can reminisce and probably few people in the courtroom can remember Paul Harvey who used to talk about there's this side of the story and here's the other side of the story and there was there was clearly another side of this story as this jury found after a criminal trial and 11 jurors found this man not guilty they've they did not saber-rattle until we until we brought this legal action and then the Attorney General when I'm trying to take the deposition of the district attorney the Attorney General says oh he's still under investigation a month before that and this is all in the record we had taken the sheriff's deposition and the sheriff said we have no active investigation into mr. Anderson and that's because there is no evidence once all the totality of evidence is looked at the evidence is that Jerry Anderson was innocent of this offense no but that's the totality of the evidence and that's not the evidence on which probable cause is based probable cause is based on what they knew at the time they went to get the warrant is that correct well I do think probable cause is defined as the totality of evidence surrounding the offense oh but you could you could say he could have investigated this he could have investigated that but what the decision is made on is what he knew in his eyes or in his head yes sir and and he knew about this he knew about the body of evidence in South Carolina he knew that there was evidence there were what he knew was that some ladies found some glasses in a room in the hotel down there what he knew was that some lady in old Navy sweatshirt went to a Waffle House yeah have you been to a Cracker Barrel restaurant there are more old Navy sweatshirts than you can shake a stick at he he knew a lot more than that well what the evidence that was available this time that was in his record because the Duncan Police Department had sent him statements of witnesses but let's start with a medical examiner there was several days before her body was discovered that it could have been earlier it was a remote possibility and and I guess tell me this okay if somebody came to you and said well would you please tell judge Gibney that I was installing oil filters on the day my wife just happened to be killed would you think that that was not wouldn't you think that's pretty strong evidence that maybe that person was involved in that killing well in itself that evidence is one piece of evidence that could be used to show probable cause that he killed his wife well and that the man and his wife were driving off to a wooded area together well actually he was in the bulldozer and she was driving separately neighbors her independently heard two shots he died and in itself it holes in her in itself that evidence if it had been presented in a fair way in a who is the arbiter of the Fourth Amendment who's supposed to be the gatekeeper as to what goes forward and if other evidence in the totality of which he was aware or reasonably could have been aware had been presented right then we contend there was no probable cause but in human experience an employee doesn't come forward having been told that his paycheck will be cut off if he doesn't provide an alibi for his employer and the employee comes forward and says look I was told I wouldn't be paid unless I came up with the story I mean that's pretty powerful isn't it that's independent that has certainly evidence that the state could use to try to show probable cause again I believe the evidence and I believe we have we have presented the facts the other side that shows that if all of the totality of evidence that had had gone to the magistrate or the grand jury there would have been no probable cause so your theory is that yes there was probable cause but there was sufficient evidence that was so powerful as to undermine the existence of probable cause and in fact this being a civil case I think you agree that for qualified immunity purposes the defendants don't have to show that they actually had probable cause right in the context of qualified immunity under section 1983 the defendants have to show that they were not unreasonable in which sort of bespeaks the substantial basis for believing notion from Gates so they don't even have to show the existence of probable cause right so what is your evidence if you accept all of that and I ask you to accept all of that for purposes of arguing for this question what is your evidence that is so overwhelmingly negative of the existence of probable cause that any reasonable officer could not possibly have believed that he or she had probable cause in light of what judge Gibney and judge Keenan have well gotten you to agree yeah they could you said it about five or six times already yeah they could use that yes they could use that yes they could use that and and that's clear so and let me be reminds all of that what in this record so undermines the existence of probable cause that not only is there no probable cause but no reasonable officer could possibly have thought that was probable and let me clear be clear about what I've agreed to I've agreed that that there's going to be evidence from both that's presented to a magistrate or to the grand jury and the magic or the DA for that matter and the magistrate of the grand jury then looks at that evidence and determines whether there's probable cause and the violation I'm sorry I just have to disagree with you mr. Elliott there are very few jurisdictions in this country where the defendant gets to present evidence before a grand jury that the probable analysis is is as a matter of law ex parte and one-sided and and I didn't mean anything to the contrary I'm saying the the officer at that point presents the evidence to the grand jury or to the magistrate the officer is on a under a constitutional obligation to present all of the evidence of which he is aware that's material to the determination do you cite for that proposition I like the Prince George County I cite the Savigny case I cite even these recent cases that the court has decided where they say an officer cannot go in and lie an officer cannot fabricate those are constitutional violations interesting what did he say that was false sir what did the officer say to the magistrate that was false well well for one thing he completely left out this whole body of evidence that showed my client was innocent what was then the difference between commission and omission you're saying what was omitted what what was he lying about what what sin of commission did he he most of it was commission but but if the commission was so strong that it amounts to in our opinion it amounts to intentional deception he would he brought for the the cadaver dog evidence and he talked about how he had highly trained dog handlers out there reviewing that ground to see if there was bodily fluids he never and that one at one of the dogs alerted he never mentions that another dog did not alert he never mentions that the ground was was tested and it was found negative there's nothing that says he has to present the whole body of evidence well we contend he does and we contend that the cases of this court indicate that he does have to present all available material information he doesn't have to chase down every lead I'm not saying that but when you have evidence that places in doubt that evidence he's relying on he has an obligation to present that otherwise you don't have a neutral arbiter who's trying to make an independent decision and the guarantees of the Fourth Amendment are nothing I had an obligation to go to the prosecutor and say you're supposed you need to drop this case is that part of your claim here no sir no sir I don't say that at all and I think all I'm saying is that the the officer has to present all the information and then if others are going to make the decision particularly if they're going to break causation those others have to have the information before the officers let off the hook that part of your argument is that he didn't follow enough leads isn't that right that he didn't he didn't follow we should have followed a small part of our argument that's a small part of the are the evidence on which we ever lied to show that there was no probable cause was out there he knew about it he avoided it well the paint chip issue came up what much later it did didn't it okay and so you're saying the dog handler issue was known to the officer what what else okay I'd like to take you through some of the evidence that was totally omitted that no reasonable police officer and we have an expert who testified in this case no reasonable police officer would have not investigated evidence of which he knew of this nature the first is the most important because it's scientific evidence and that's the medical and examiner and yes in the end they were able to get her to say that there was a remote possibility it could have been 10 days but the probable the probability of her opinion based on her science based on 2,500 to 3,000 autopsies was that Emily Anderson died within two to four days prior to the discovery prior to her autopsy and that that's just that's undisputed it's also undisputed that when the officer Stafford found that out he tried to talk her out of it he resisted it he went to supervisor and found that her supervisor agreed with her now what he didn't do was show her objective evidence that would have even made that that that opinion more powerful and that was the evidence of photographs that are in the record where you see her hands are in rigor and if there's a objective factor on the timing of death in this record it's rigor mortis again the the experts every expert has said that rigor mortis passes within 24 to 48 hours on the Sunday afternoon of January 8th there was no rigor mortis when she did the autopsy but there's evidence of which she was not made aware that the day before there was rigor mortis and that would have solidified her opinion along with the other factors she goes through in her affidavit that there was a scientific reason that that that supported the fact that Emily had only been that Emily was alive in South Carolina now that was corroborated by these South Carolina witnesses and there were five witnesses with all due respect your honor it wasn't just witnesses who saw an old Navy shirt we had witnessed there were witness a witness from the Waffle House who had come within the distance between me and you and had seen this a man with a crew cut in the doorway of this truck now how I'm sorry to cut you off but how does any of that undermine neighbors hearing shots they go off in the woods the false exculpatory kind of testimony from the farmhands how does any of that so undermine what the captain knew and presumably told the magistrate about so as to convince us that there's a reasonable probability that the not have issued that warrant maybe the magistrate would have scratched his head said gee this is an odd case gee this is odd autopsy evidence gee I've never seen rigor so late after death yes but why wouldn't why wouldn't the magistrate issue the warrant because that was clearly more reliable evidence that she had been alive in South Carolina and there was a scientific basis to it rather than circumstantial evidence of gunshots in an area where gunshots were the time where the the employees had seen supposedly seen a truck and a heavy equipment going down the road somewhere about a mile and a half from where they say it took place the murder took place they had not come but come forward in ten days I understand that a lot of that is impeachment evidence at criminal trial and it was used and and this employee didn't come forward in a criminal trial to say he had been thrown in the lease but I understand at this point in time that was evidence on which this magistrate if that was the only evidence could have said this probable cause but we contend that the evidence in South Carolina and particularly the medical examiner's evidence negated that probable cause from that circumstantial evidence it was strong enough that if it had been presented in negated probable cause and these cases of this court say that if there's a sculptor Tory information that's available to the officer and he he excludes it he doesn't use it or he the arbiter then it negates then it's a constitutional violation if we if we disagree with you on the issue of probable cause do you have any state law claims that survive well the mouth malicious prosecution claim just as in the Evans case I think would survive I think there is a different there are different elements to the state constitutional claim I mean the state malicious prosecution claim you're saying that the the presence of probable cause does not negate a malicious prosecution case in North Carolina well under my understanding under North Carolina law on the malicious prosecution that the termination of proceedings in favor of the plaintiff is indicates a lack of probable cause and that's one of the elements under the North Carolina tort there's a procedural aspect to this case that I think is very important so is that the only state law claim that survives there are there are several other state law claims right but I don't see any that would appear to survive that that is the primary one why wouldn't immunity apply to that claim the malicious prosecution claim under state law well it could of course that issue is not here at this point but if I'm not sure I follow that it's not here against the it was not again of the officers sir I'm sorry I think what the appeal on the basis of qualified immunity under federal law as well as official immunity or governmental immunity under the state law okay public official immunity should not apply because there was malicious acts there were deliberate acts by the officers and and public official opinion I think is asking if if there's probable cause isn't that doesn't that negative the possibility of malicious acts under the state law claim how could a malicious prosecution claim survive if there's probable cause but there is no probable cause okay with a termination in favor of the plaintiffs assuming there's probable cause does anything survive of the state or federal claims if there's again was this malicious prosecution claim would survive if there if there's a if there's an absence of probable cause and there is okay under North Carolina law there is that's what I'm saying you know looked at under 1983 is a different test under North Carolina law the termination in favor of the plaintiff is evidence of lack of probable cause and is the hung jury a favor and a dismissal a later dismissal there was other evidence I mean the quality in employees the two employees who were on the second about the second floor balcony had a clear view of the truck and saw people getting in and out I want to emphasize that no keys were found of the truck when the body was found so somebody in South Carolina according to these witnesses whether or they could identify Emily or not is another issue but somebody was getting in and out of that truck which indicates that she could have been alive in South Carolina along with the medical examiners evidence and mr. Bomar who waved to the man mr. Stafford in in in the deposition when when was when he was asked why he did if he if he didn't go talk to these witnesses because he didn't believe him he said he did believe him that he didn't he believed that they saw what they saw and he didn't make any assessment that they weren't credible and that's why we're not talking about just chasing down leads of other people who might have called in these were these were solid witnesses who saw people getting in and out of the truck if that had gone to the magistrate along with the medical examiner's opinion along with the photographs of rigor mortis we contend the magistrate would not have found probable cause and the grand jury would not have the fact is that what's not disputed in this case in any way is that this this police officer formed a belief as to my clients guilt and and took it on himself to present in an adversarial way the evidence to the magistrate and to the grand jury and totally excluded that ever do you have a unified theory as to who killed her no sir somebody in South Carolina so you think she drove to South Carolina on her own I don't have that theory honor and that evidence could have been there and and I totally believe my client's innocent I don't know what you're asking that but I don't believe it I never asked the lawyer that all right I would but I don't mind telling you the civil case would be objectionable on its face but the we don't have a theory because that evidence got cold there was no effort to South Carolina and try to figure out what happened I just want to emphasize in my last 20 seconds that there is a procedural aspect of this case that judge Ridinger talked about a great deal judge Ridinger reviewed the volumes of the joint appendix that you have all those documents and he determined that there were these issues of fact that needed to be determined by the jury and judge Davis in your in your dissent I mean in your concurring opinion in the decision you make it clear the jury is the fact finder the jury is supposed to make decisions on facts and inferences from facts and we contend that there are facts here that if believed by a jury would would establish that there were constitutional violations of my client's Fourth Amendment rights that as judge Wynn said in his dissent in the Durham versus Horner case and you might have questions whether he's an innocent man we're ready to put that to the jury in a civil case if a man is innocent and his rights have been violated where is he to turn and we contend that he turns to the United States District Court and to a jury to recover the unsurmountable the incredible losses that he suffered thank you thank you very much mr. Elliott mr. Morgan you have some time remaining first of all under North Carolina law the existence of probable cause would defeat a claim for malicious prosecution that's clear under the case law in this case probable cause existed at the time that mr. Anderson was arrested it existed at the time the rest or it was saw and it still it still exists today the mr. Elliott was asked what did in essence you asked him what evidence was because there is no evidence of that even though judge Ridinger said there's an issue of factors whether evidence was fabricated judge Ridinger did not tell us what that was and mr. Elliott hasn't told us what it was unless it unless as in his summary judgment argument before the court it was the videotape of the second set of searches by the cadaver dog of mr. McNeil and that's not that does not defeat probable cause it's just one small part of this mountain of establishes problem in spite of what mr. Elliott says the medical examiner has been consistent from the first day until the last time we talked to her she said time of death is consistent with two to four days but I cannot rule out a much longer time including ten days when you combine that with all the other evidence you've got probable cause the later evidence that mr. Elliott came has come up with which is he showed the medical examiner some photographs and she said well it looks like there was rigor mortis there but what he leaves out is that the plaintiff's other expert dr. March marks looked at the same photograph and said I can see there's no rigor mortis there you got two experts saying once is rigor mortis once is no rigor mortis officer Stafford testified that he didn't think there was rigor mortis and they when he when they got the body they uncrossed the legs and uncrossed the arms which would indicate to a layman there was no rigor mortis so evidence in the record regarding weather conditions climate climate conditions during the relevant period I don't remember your honor I know it was January it was Christmas in January so it was probably cooler but I think I don't remember there may be something there I just don't remember right now I think it's it is relevant when you're considering qualified immunity what actually happened in this case officer Stafford accumulated all of these facts that are set out at length in the brief and he said I think there's probable cause he went to a magistrate the case is u.s. versus Clyburn where the fourth circuit says unsworn testimony can be used to establish probable cause but you don't rely on any presumption here do there is a presumption of reasonableness when I'm when an officer arrest pursuant to a warrant there is there isn't but you don't rely on that presumption in this case do you in the absence of a written application yes I don't have to your honor but I think it's there I do think the presumptions there and what Torchinsky says if I recall correctly is that there's a presumption of reasonableness which can be rebutted by this if you can show that no reasonable officer would have concluded there was probable cause then you can rebut the absence of a writing or or other recordation of I believe what that I believe what the magistrate acted on I believe that the case of the Torchinsky case which is the case where the phrase presumption of reasonableness comes from I think if you read that case it becomes fairly clear that there was no written affidavit before the magistrate in that case well the case uses the term application but it also says that you had to rely on the at the deposition of officer in order to say you have to or you're entitled I read it I don't think it says specifically if there's a written application or not application can be written or oral but we don't need to get there your honor in this case the magistrate the grand jury the district attorney all concluded there was probable cause in addition to that there was a two-month long trial the state court judge listened to all the evidence and it's all the evidence that the lying on here it's all of that evidence he let he he heard the evidence he listened to the arguments of the very capable criminal defense attorneys the jury and we don't know what the evidence they produced the trial is the same evidence they produced for the magistrate we don't know what was produced that's correct we well we do know because the fact that judge didn't strike the evidence really doesn't tell us very much we have the affidavit of officer Stafford so we we know we know generally what was told to master but what I'm what I'm getting at your honor is that the judge heard all of the evidence at the criminal trial which included the evidence of the prosecution and the evidence of the criminal defendant and the arguments of the criminal defendants and the judge concluded that not only was there probable cause to go forward with the case there was enough evidence to convict Jerry Anderson of Miller was the jury out I don't know I don't know I think they're curious about those kinds of questions well your honor I am there's a whole lot of stuff I was trying to prepare for I didn't go back and look at that fair enough I think they're out for a while because it ended up being 11 to 1 in favor of conviction one one juror was not convinced one juror was convinced of his I said it I said it backwards it was 11 to 1 in favor of acquittal acquittal I'm sorry yes I heard mr. Elliott mumbling behind me yeah I had it I didn't I did not mean to misrepresent that but I do think it's significant and I cite cases in the brief that say by the way under North Carolina law I'm sorry to interrupt is there a motion for judgment of acquittal after a mistrial allowed under North Carolina practice and do you know if I don't know if there I don't know if it was allowed and I don't know if it was made well we certainly know it was denied if if it's allowed and if it was made what he wasn't acquitted he was there was a hung jury in this case the fact that all of these judicial officers concluded there was probable cause suggests and I think means that you would have to say that all of these officers including the state court judge were completely unreasonable we're incompetent in fact in order to conclude that the officers are not entitled to qualified immunity thank you for your attention thank you very much mr. Moore we'll come down to Greek Council and proceed immediately to our last case
judges: Andre M. Davis, Barbara Milano Keenan, John A. Gibney, Jr.